■ KENNETH W. KEVELIN et al., Plaintiffs, v INTERNATIONAL BUSINESS MACHINES CORPORATION, Appellant, TURNER & HARRISON, Respondent, et al., Defendants. (And Third-Party Actions.) [635 NYS2d 71] —In an action to recover damages for personal injuries, etc., the defendant International Business Machines Corporation appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered July 1, 1994, which denied its motion for summary judgment on its second cross claim against the defendant Turner & Harrison and

granted the motion of the defendant Turner & Harrison for summary judgment dismissing the second cross claim.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of Turner & Harrison for summary judgment dismissing the second cross claim and substituting therefor a provision denying that motion; as so modified, the order is affirmed, without costs or disbursements.

Although the appellant failed to demonstrate that the defendant Turner & Harrison improperly procured final payment prior to the completion of the work contemplated by the parties' contract, the Supreme Court erred in concluding, as a matter of law, that final payment terminated Turner & Harrison's contractual obligation to maintain liability insurance naming the appellant as an insured. In reaching its conclusion, the court looked solely to one paragraph of the parties' contract, rather than examining the agreement as a whole to determine the intent of the parties (see, W.W.W. Assocs. v Giancontieri, 77 NY2d 157, 162).

An examination of the relevant provisions of the contract reveals an ambiguity as to whether final payment, in and of itself, was to be the event which terminated Turner & Harrison's contractual obligation or whether the parties intended that insurance be maintained until all of the work was completed. If the parties intended coverage to continue until completion of the work, the fact that the appellant may have waived its right to withhold payment until the work was completed does not necessarily mean that it waived its right to coverage. Ritter, J. P., Altman, Friedmann and Florio, JJ., concur.